UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2:18 CR 33 |
| v. | ) | |
| | ) | |
| SAMANTHA ELHASSANI | ) | |

**Government's Motion for Pretrial Conference
Pursuant to the Classified Information Procedures Act and
<u>Memorandum of Law in Support Thereof</u>**

The United States hereby moves pursuant to Section 2 of the Classified Information Procedures Act, Title 18, United States Code, Appendix III ("CIPA"), for a pretrial conference to consider matters relating to classified information that may arise in connection with this case. Undersigned counsel anticipates additional conversations with defense counsel in the coming days. These conversations will address the possibility of reaching an agreement on a joint motion concerning certain scheduling matters in this case.

### I. PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law to apprise the Court of CIPA's applicability to matters relating to classified information that may arise in connection with the prosecution, both before and during trial. The government also submits this memorandum of law in support of its motion for a pretrial conference pursuant to Section 2 of CIPA.

## II. BACKGROUND

On July 25, 2018, Samantha Elhassani (hereinafter "the Defendant") appeared before the Honorable John E. Martin and was arraigned on an indictment charging her with violating Title 18, United States Code, Section 1001 (Making Materially False, Fictitious, and Fraudulent Statements and Representations to Special Agents of the Federal Bureau of Investigation). The government's proof at trial would involve evidence of multiple trips the Defendant took abroad, culminating with a final trip to Syria. Given the facts present in this case and the classified nature of certain materials, the government anticipates utilizing CIPA.

This motion and memorandum of law describes the procedures CIPA mandates for the protection of classified information. CIPA "'is essentially a procedural tool' for a court to address the relevance of classified information before it may be introduced." *United States v. Abu Marzook,* 412 F.Supp.2d 913, 917-18 (N.D. Ill. 2006) (quoting *United States v. Dumeisi,* 424 F.3d 566, 578 (7th Cir. 2005)). The fundamental purpose of CIPA is "protecting and restricting the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. O'Hara,* 301 F. 3d 563, 568 (7th Cir. 2002).

## III. Pretrial Conferences, Protective Orders, and Discovery Under CIPA

### a. Pretrial Conferences

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."

18 U.S.C. App. III § 2. After such a motion is filed, "or on its own motion, the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." *Id.* The pretrial conference may be held with the government *in camera* and *ex parte*.

### b. Protective Orders

Section 3 of CIPA requires the Court, upon the request of the United States, to "issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case . . . ." 18 U.S.C. App. III § 3. The key Senate Report on CIPA, issued by the Senate Committee on the Judiciary, provides that the terms of a protective order may include, but need not be limited to, provisions:

> (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed: (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823 at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299.

### c. Discovery of Classified Information by the Defendant

Although CIPA does not alter the government's discovery obligations, Section 4 of the Act sets forth a procedural mechanism to protect classified information,

3

including classified sources and methods, while protecting a defendant's due process rights. Pursuant to Section 4, the court, upon a sufficient showing, may authorize the United States to:

(1) delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure;

(2) substitute a summary of the information for such classified documents; or

(3) substitute a statement admitting the relevant facts that classified information would tend to prove.

As with the procedures in Federal Rule of Criminal Procedure 16(d)(1), Section 4 of CIPA provides that the United States may demonstrate the need for such alternatives through an *in camera, ex parte* submission to the Court. *See United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1989); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984); *Marzook*, 435 F.Supp.2d. at 745. CIPA's legislative history makes clear that the Court may take national security interests into account in determining whether to permit denial, restriction, or deferment of discovery. S. Rep. No. 96-823, at 6 (*reprinted in* 1980 U.S.C.C.A.N. 4294, 4299-4300); *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (holding that defendant's right to discovery must be balanced against public's interest in non-disclosure); *Pringle*, 751 F.2d at 427.

### d. Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings

The United States may provide defense counsel with access to classified information. If such disclosures occur, there are three critical pretrial steps in the handling of classified information should the defense reasonably expect to further disclose or cause the disclosure of classified information.

First, pursuant to Section 5(a) of CIPA, defense counsel must specify the precise classified information they reasonably expect to disclose or to cause the disclosure of "in any manner in connection with any trial or pretrial proceeding...." *See, e.g., United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984); *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).

Second, the Court, upon motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance, and admissibility of the proposed evidence. At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1] *Smith*, 780 F.2d at 1106; *see generally Yunis*, 867 F.2d at 622. The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility." *Wilson*, 750 F.2d at 9; *accord Yunis*, 867 F.2d at 623. Rather, CIPA alters the *timing* of rulings concerning admissibility, so as to require them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *accord Smith*, 780 F.2d at 1106.

Evidence. *See Wilson*, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible. The Court must grant the motion for substitution "if it finds that the statement or summary will provide the defendant with substantially the same ability to make [her] defense as would disclosure of the specific classified information." 18 U.S.C. App. III § 6(c)(1).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, Section 6(e)(1) of CIPA permits the government to object to the classified information's disclosure. 18 U.S.C. App. III § 6(e)(1). In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information." *Id.* Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case, up to and including dismissal of one or more counts. *Id.* at § 6(e).

   e. **Discovery of Classified Information by the Defendant**

In order to prevent "unnecessary disclosure" of classified information, CIPA Section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording, or photograph. Alternatively, the Court may order into evidence the entire writing, recording, or photograph with all or part of the classified information contained therein excised. Excision of such classified information may

6

not be authorized, however, if fairness requires that the whole document, recording, or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If a defendant reasonably expects that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under Section 5 of the Act; Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

### f. Security Procedures

Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On January 15, 2011, Chief Justice Roberts promulgated revised security procedures.

### V. REQUEST FOR PRETRIAL CONFERENCE UNDER SECTION 2 OF CIPA.

On July 25, 2018, the same day as the Defendant's arraignment, the government made limited initial discovery available to defense counsel. The government is in the process of reviewing additional material that is currently classified and seeking declassification of certain additional reports. Some of this

material may be subject to disclosure in advance of trial under applicable rules, statutes and/or case law, which would raise issues of national security that the Court will need to address under CIPA. Accordingly, pursuant to Section 2 of CIPA, the United States respectfully requests that the Court schedule a pretrial conference to establish a discovery and motion schedule relating to any classified information.[1] The government further requests that the conference be scheduled in approximately thirty (30) days to allow time for the government to continue its review of classified material and determine its potential applicability, nature, and volume. The government has discussed matters concerning discovery with defense counsel. Based upon recent communications, undersigned counsel anticipates engaging in additional conversations with defense counsel in the coming days, at which time efforts will be made to determine whether the parties can submit an agreed motion concerning scheduling matters in this case.

Prior to a Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the Government will propose a schedule for the filing of motions under CIPA Section 3 relating to protective orders, and under CIPA Section 4 relating to the deletion, substitution and/or disclosure of

---

[1] As set forth above, under Section 2 of CIPA, any party may move for a pretrial conference to "consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3, § 2. Once such a motion is filed, the Court "shall promptly hold a pretrial conference..." *Id*. At the conference, the Court should "establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." *Id*.

classified information. The government will also determine whether it believes it necessary to provide classified information to defense counsel. Because of the classified nature of certain information, the government will be unable to provide the court with specifics in open court (e.g., the type of information at issue, the amount of information at issue, the period of time when such information was collected, whether agencies other than the FBI are involved, etc.). However, if the Court so directs, the government will be prepared to present this information to the Court orally in an ex parte, in camera hearing.[2]

## VI. CONCLUSION

For the foregoing reasons, pursuant to CIPA Section 2, the government respectfully requests that the Court schedule a pretrial conference, approximately thirty (30) days from the date of this motion, to address scheduling matters in light of the existence of classified materials.

Respectfully submitted this 2nd day of August, 2018.

THOMAS L. KIRSCH, II
United States Attorney

/s/Joshua P. Kolar

---

Joshua P. Kolar
Abizer Zanzi
Assistant United States Attorneys

---

[2] Courts have consistently held that in camera, ex parte submission to a district court in matters involving national security are proper. See, e.g., *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006); *United State v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003); *Pringle*, 751 F.2d at 427.

CERTIFICATE OF SERVICE

      I hereby certify that on August 2nd, 2018, I caused a copy of the foregoing to be served by electronic filing on the defendant's attorneys of record, Thomas A. Durkin.

      /s/Joshua P. Kolar

      JOSHUA P. KOLAR
      Assistant United States Attorney
      5400 Federal Plaza, Suite 1500
      Hammond, IN 46320