UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.  2:18-cr-33 |
| | ) | |
| SAMANTHA ELHASSANI | ) | |

**JOINT MOTION TO DECLARE CASE COMPLEX, CONTINUE THE FINAL PRE-TRIAL CONFERENCE AND TRIAL, AND SET SCHEDULING CONFERENCE**

Comes now the United States of America, by Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through Joshua P. Kolar and Abizer Zanzi, Assistant United States Attorneys, and joined by Defendant Samantha Elhassani through her counsel requesting that (a) the above captioned case be declared complex and (b) the Final Pre-Trial Conference currently scheduled for August 31, 2018 and the Trial currently scheduled for September 17, 2018 be continued.  In support, the parties state as follows:

**Background**

1.	A trial is set in this matter for September 17, 2018 before District Court Judge Philip P. Simon. Docket Entry 19.

1

2. On July 25, 2018, Samantha Elhassani appeared before the Honorable John E. Martin and was arraigned on an indictment charging her with violating Title 18, United States Code, § 1001 (Making Materially False, Fictitious, and Fraudulent Statements and Representations to Special Agents of the Federal Bureau of Investigation).

3. On August 22, 2018, a grand jury returned a two-count superseding indictment, charging Samantha Elhassani with a conspiracy to violate Title 18 United States Code, § 2339B (Providing Material Support to ISIS, a Designated Foreign Terrorist Organization) and aiding and abetting a violation of §2339B.

4. The government and defense counsel have discussed several issues concerning the matter in the weeks after Samantha Elhassani's July 25, 2018 arraignment.

5. In light of the new charges, the parties jointly agree that this matter presents unique and complex issues of fact and law, as described in 18 U.S.C. § 3161(h). This case is complex because it involves:

    a. Allegations of acts that occurred overseas;

    b. The Classified Information Procedures Act ("CIPA");

    c. A conspiracy with multiple participants;

    d. Discovery that will cover a multi-year investigation with numerous search warrants and electronic evidence; and

e. Months of surveillance and investigative activity.

6. Given the complexities of this case, defense counsel has agreed that it would not be possible for them to prepare an adequate defense of Samantha Elhassani with the current trial setting.

7. Pursuant to 18 U.S.C. § 3161 the ends of justice are served by the granting of a continuance and outweigh the best interests of the public and the Defendant in a speedy trial.

## **Argument**

8. The Government requests that the Court declare this case "complex" and enter a Scheduling Order to allow the parties adequately time to produce and digest the discovery and prepare for trial. Under the Speedy Trial Act, 18 U.S.C. § 3161, a defendant charged in an indictment has the right to a trial within 70 days of the filing of the indictment or the appearance of the defendant in the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). A defendant must consent to a trial occurring within thirty days of the date on which she first appears through counsel.  18 U.S.C. § 3161(c)(2).

9. Where, however, the case is deemed "complex" by the Court, the trial date may be continued without counting the period of delay in computing the time within which the trial of any such offense must commence.

Accordingly, one of the factors that the Court may consider in granting a continuance of the trial in this case is:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(b)(ii). The decision to make a determination that a case is complex is "within the sound discretion of the court." *United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985) (upholding decision to declare case "complex" in alleged fraudulent bank loan financing scheme charging wire fraud).

10.     Here, there is ample basis for the Court to determine that the case is "complex" within 18 U.S.C. § 3161(7)(B)(ii).  The indictment was filed after a long-term investigation which involved the gathering of electronic evidence and interviews of multiple witnesses.  Counsel must consider the possibility of gathering additional evidence abroad, given the allegation in the superseding indictment.  The nature of the prosecution, the volume of expected discovery, and the complexity of the issues weigh in favor of a determination that the case is "complex" under the provisions of the Speedy Trial Act. In light of the complexity of the prosecution and defenses in this matter, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See*, 18 U.S.C. §

3161(h)(7)(b)(ii). Designating this case "complex" within the meaning of the Speedy Trial Act is in the best interest of the parties involved and the public.

11. In the instant matter, a hearing on the government's motion for a related to CIPA § 2 is set for September 4, 2018. Docket Entry 22. Since granting the instant motion would move the trial date and the parties have multiple issues to discuss among themselves, and possibly bring before the Court, the parties respectfully suggest that the September 4, 2018 hearing be limited to scheduling issues for discovery and deadlines for CIPA filings. The parties will attempt to obtain an agreed trial date from the Court's staff prior to the September 4, 2018 hearing and propose a Scheduling Order for the Court's consideration.

WHEREFORE, the parties respectfully request that the Court (a) declare the case "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(b)(ii) ; (b) continue both the final pretrial conference and the trial; and (c) use the existing September 4, 2018 hearing to address discovery deadlines and CIPA filings. The parties will work towards agreements related to those issues prior to the September 4, 2018 hearing.

        THOMAS L. KIRSCH, II
        United States Attorney

/s/Joshua P. Kolar
_____

Joshua P. Kolar
Abizer Zanzi
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Thomas A. Durkin

> By: */s/ Josh Kolar*
> Joshua P. Kolar
> Assistant United States Attorney
> 5400 Federal Plaza, Suite 1500
> Hammond, Indiana 46320
> (219) 937-5500