**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:18-CR-33 |
| | : | |
| v. | : | |
| | : | |
| **SAMANTHA ELHASSANI** | : | |

**AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY**

WHEREAS, the parties agree that they have a compelling interest in preventing discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties agree that the discovery materials furnished by the government will be used by defense counsel only as necessary for the purpose of conducting pretrial, trial, and appellate proceedings in this case and for no other purpose;

AND WHEREAS, the government may tender to defense counsel certain declassified materials in this case. As used herein, the term "declassified materials" refers to any and all classified documents, materials, and information that has been marked as declassified and provided by the government to defense counsel as part of discovery in this case;

1

AND WHEREAS, the government will tender to the defendant materials involving minors which the parties agree may be characterized as Sensitive Discovery Materials;

AND WHEREAS, the government will tender to the defendant materials involving individuals involved in ongoing investigations which the parties agree may be characterized as Sensitive Discovery Materials;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall categorize the discovery materials it produces to the defendant and her counsel of record as: (1) General Discovery Materials, and (2) Sensitive Discovery Materials. General Discovery Materials and Sensitive Discovery Materials include those documents, memoranda, or other such documents that contain information derivative of General Discovery Materials and Sensitive Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the government upon production.  All documents produced previously by the government shall be deemed Sensitive Discovery Materials, unless otherwise marked in subsequent productions.

IT IS FURTHER ORDERED that, except as provided below, General Discovery Materials shall not be further disseminated[1] by the defendant or her counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense.  The defendant may view General Discovery Materials in the presence of her counsel of record.  The defendant is not permitted to retain any copies of General Discovery Materials.  Notwithstanding this prohibition, defense counsel may leave discovery with whatever institution the defendant is placed in by United States Marshall's Service in the event it is possible for that institution to provide the defendant periodic access to the General Discovery Materials in setting that ensures the defendant is the only individual, other than government employees, who can access the materials and that the materials are not capable of being printed.  If the defendant is transferred to another location, the General Discovery Materials must be provided to the government while it is determined whether that institution can operate consistent with this protective order. Members of the defense team may show

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

(but not provide copies[2] of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provision must sign the Memorandum of Understanding attached hereto and agree in writing to be bound by the terms of this Stipulated Protective Order Governing Discovery before receiving government discovery material.

IT IS FURTHER ORDERED that with respect to witness statements, the government may redact all identifying information regarding each witness except for that person's name.

IT IS FURTHER ORDERED that Sensitive Discovery Materials shall not be further disseminated by the defendant or her counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. The defendant may view Sensitive Discovery Materials in the presence of her counsel of record but is not permitted to retain any such copies. Defense counsel may seek the approval of government counsel or the Court to show Sensitive Discovery Materials to witnesses or potential witnesses, but under no circumstances will defense

---

[2] Witnesses or potential witnesses may examine documents within defense counsel's offices, or any other location that is secure and ensures no third parties are able to view the information.

counsel surrender physical custody of such Sensitive Discovery Materials to witnesses or potential witnesses.  Further, each individual to whom disclosure is made pursuant to the above provision must sign the Memorandum of Understanding attached hereto and agree in writing to be bound by the terms of this Stipulated Protective Order Governing Discovery before the disclosure of government discovery material.

IT IS FURTHER ORDERED that the signed Memorandum of Understanding shall be filed with the Court under seal and, where appropriate, ex parte.  The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

IT IS FURTHER ORDERED that with respect to copies of government discovery material provided to experts, all copies of that material shall be returned to defense counsel within 72 hours following the earlier of (i) termination of these proceedings, or (ii) when the expert no longer needs such copies in order to assist the defense in this case.

IT IS FURTHER ORDERED that defense counsel will insure that the materials disclosed to any of the previously described persons will not be further disclosed.  Any unauthorized disclosure will be brought to the attention of the Court and shall be subject to a contempt hearing.

IT IS FURTHER ORDERED that no party shall make, or participate in the making of, any extrajudicial disclosure of Sensitive Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

IT IS FURTHER ORDERED that defense counsel must provide the counsel of record for the United States seven (7) days' notice of the intent to file any documents containing Sensitive Discovery Materials so that the government may object to such public disclosure.

IT IS FURTHER ORDERED that defense counsel shall store all Sensitive Discovery Materials, and any copies thereof, in a secure place.

IT IS FURTHER ORDERED that defense counsel will use the discovery materials furnished by the government only as necessary for the purpose of conducting pretrial, trial, and appellate proceedings in this case and for no other purpose.

IT IS FURTHER ORDERED that all General and Sensitive Discovery Materials in this case are now and will forever remain the property of the United States Government. Upon final disposition of this case, or the termination of representation of counsel of the defendant, whichever is earlier, counsel for the defense shall promptly return all of the General and Sensitive

Materials to the government, or destroy such documents in the presence of a government representative.

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

ENTERED:

_____
PHILIP P. SIMON
United States District Judge
Northern District of Indiana