UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:18-cr-33 PPS/JEM |
| | ) | |
| SAMANTHA ELHASSANI | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S STATEMENT OF LAW AND OVERVIEW OF CIPA, AND OBJECTION TO SECRET *EX PARTE* CIPA LITIGATION OF FOURTH AMENDMENT SUPPRESSION ISSUES AND MOTION FOR DISCLOSURE TO CLEARED COUNSEL**

This matter is scheduled for a hearing on January 28, 2019, for a continuation of Section 2 proceedings under the Classified Information Procedures Act, Title 18, United States Code, Appendix III ("CIPA"). On August 2 and October 26, 2018, the Government filed memoranda of law [DE 21 & 47], which provided general overviews of CIPA procedures. The Government has stated that it intends to file a motion under CIPA Section 4, whereby it may seek to delete information from discovery or substitute its form. *See* 18 U.S.C. app. 3 § 4.

From the Government's perspective, the only outstanding issue that needs to be addressed at the CIPA Section 2 stage is for the Court to set a deadline for the Government to file its Section 4 motion. Given the substantial volume of information at issue and the time and resources needed to complete the motion, the Government requests that it be permitted until May 3, 2019,

to file its Section 4 motion. The proposed May 3 deadline will give the Government sufficient time to complete the anticipated voluminous filing, while exercising diligence, and provide ample time for the Court to resolve any issues well in advance of the January 6, 2020 trial date without any prejudice to Defendant.

On January 7, 2019, Defendant filed a lengthy brief styled "Defendant's Response to Government's Statement of Law and Overview of CIPA, and Objection to Secret *Ex Parte* CIPA Litigation of Fourth Amendment Suppression Issues and Motion for Disclosure to Cleared Counsel." DE 59. Many of the issues raised in Defendant's brief do not apply to this case. To simplify matters and prevent confusion, Government will briefly address two issues.

**I.      The Government Does Not Intend to Use Classified Information.**

Defendant appears to be under the mistaken impression that "this case will involve classified information both before and during trial." Def. Br. at 1. Accordingly, much Defendant's brief focuses on a misapplied concern that the Government will seek to litigate Fourth Amendment suppression issues relating to classified information in *ex parte* proceedings. To be clear, the Government does not intend to use any classified information at trial, either directly or indirectly. The Government plans to produce most if not all available Rule 16 discoverable material before filing its CIPA Section 4 motion.

There will be no need to for the Court to resolve any Fourth Amendment suppression issues outside the presence of defense counsel.

## II. *Ex Parte* Proceedings with the Government and Defense Counsel May Be Necessary to Evaluate Whether Classified Information Must Be Disclosed to Defense Counsel.

Defendant has repeatedly objected to the use of *ex parte* proceedings in this case. While *ex parte* proceedings are ordinarily disfavored, they are routinely and unavoidably used in cases involving classified information. *See United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998). In this case, the Government anticipates that *ex parte* proceedings will likely be necessary to resolve the Government's anticipated CIPA Section 4 motion.

During the Section 4 phase of the CIPA proceedings, the Government may ask the Court for permission to delete or withhold classified information from discovery or permit the Government to produce information in a substitute format that protects the original source of the information in a manner that avoids harm to national security without prejudicing the defendant. *See* 18 U.S.C. app. 3 § 4. One of the issues courts must evaluate is whether the information sought to be withheld would be "relevant and helpful" to the defense. *United States v. Turner*, 2014 WL 3905873, at *2 (N.D. Ill. July 29, 2014); *United States v. Aref*, 533 F.3d 72, 79-80 (2d Cir. 2008).

Because the purpose of a CIPA Section 4 motion is to determine whether classified information may be withheld from the defense, *ex parte* proceedings

3

are often necessary as a practical matter. With respect to the written CIPA Section 4 motion, "[b]oth CIPA Section 4 and Rule 16(d)(1) authorize *ex parte* submissions." *See Aref*, 533 F.3d at 81. Likewise, when courts require further hearings to resolve discovery issues regarding classified information, they routinely utilize *ex parte* hearings. *See, e.g., Aref*, 533 F.3d at 81 ("When the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.") (quoting H.R. Rep. 96-831, pt. 1, at 27 n.22); *see also United States v. Amawi*, 695 F.3d 457, 472 (6th Cir. 2012) ("The purpose of CIPA is to provide a means for the courts to oversee the government's authority to delete evidence from discovery. To permit defense counsel to participate in such a hearing would frustrate the aim of CIPA."); *United States v. Sedaghaty*, 728 F.3d 885, 908-09 (9th Cir. 2013) ("[Defendant's] broadside challenge to the *in camera* and *ex parte* proceedings is a battle already lost in the federal courts.") (citing *Klimavicius-Viloria*, 144 F.3d at 1261). The use of *ex parte* proceedings does not need to be a one-sided process. To aid the Court in deciding what may be "relevant and helpful" to the defense, the Court may permit defense counsel to meet with the Court *ex parte* to discuss their theory of the case. The Government would certainly have no objection to that.

Defense counsel objects wholesale to the use of *ex parte* proceedings but does not offer a realistic alternative. The fact that defense counsel has security

4

clearances does not entitle them to an adversary CIPA Section 4 hearing. *See United States v. Zazi*, 2011 WL 2532903, at *2-3 (E.D.N.Y. June 24, 2011); *Amawi*, 695 F.3d at 473 ("The possession of a security clearance only becomes relevant *after* the district court determines, in accordance with section 4, that any classified information is discoverable."); *United States v. Libby*, 429 F. Supp.2d 18, 24 n. 8 (D.D.C. 2006) ("It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses."). Moreover, at least two courts have rejected the argument by Defendant's counsel [Def. Br. at 22] that they should be entitled to disclosure of the Government's Section 4 motion or the legal arguments supporting the motion. *See  United States v. Al-Jayab*, 16-cr-181 (N.D. Ill, June 28, 2018), attached as DE 47-1, p. 10, *United States v. Mohammed*, 2017 WL 2568834, at *2-3 (N.D. Ohio, June 13, 2017).

        Respectfully submitted,

        THOMAS L. KIRSCH, II
        United States Attorney

        /s/ *Abizer Zanzi*
        _____
        Abizer Zanzi
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on January 25, 2019, I caused a copy of the foregoing to be served by electronic filing on the defendant's attorneys of record:

      Thomas A. Durkin
      Joshua G. Herman

                                /s/ *Abizer Zanzi*
                                _____
                                ABIZER ZANZI
                                Assistant United States Attorney
                                5400 Federal Plaza, Suite 1500
                                Hammond, IN 46320