UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:18-cr-33 PPS/JEM |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SAMANTHA ELHASSANI | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER PURSUANT TO SECTION 3 OF THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by Thomas L. Kirsch II, United States Attorney for the Northern District of Illinois, and Assistant United States Attorneys Abizer Zanzi and Jennifer Chang, moves for a Protective Order pursuant to Section 3 of the Classified Information Procedures Act ("CIPA"), Title 18, U.S.C. Appendix III, to allow cleared counsel for the defendant to review classified material, and states as follows:

1. Defendant has been indicted by a grand jury with conspiring to provide, and aiding and abetting others to provide, material support to a designated foreign terrorist organization in violation of Title 18, United States Code, Section 2339B.

2. The government anticipates providing cleared counsel for the defendant with access to material classified at the "Secret" level.

1

3. The attached proposed Protective Order Pursuant to Section 3 of CIPA will give properly cleared defense counsel access to classified discovery and at the same time restrict defense counsel from sharing the material itself, or its contents, with anyone other than their own properly cleared employees or other personnel (who will also be required to obtain the proper clearance) who are necessary to assist in the preparation of this case.

4. Section 3 of CIPA mandates that the district court issue a protective order upon the motion of the United States to protect against the disclosure of any classified information that is disclosed by the government to the defense. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *United States v. Pappas*, 94 F.3d 795, 801 (2d Cir. 1996) (quoting CIPA legislative history H.R. Rep. No. 831, 96th Cong., 2d Sess., pt. 1 (1980)), as well as to supplement the district court's authority under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders in connection with the discovery process.[1] In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested,

---

[1] Rule 16(d)(1) provides in relevant part that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

whenever the government discloses classified information to a defendant in connection with a prosecution, e.g., Brady and Jencks material." *Id.*

5. Defense counsel has informed counsel for the government that they agree to the entry of the proposed protective order.

WHEREFORE, the government requests that the Court issue the proposed Protective Order Pursuant to Section 3 of the Classified Information Procedures Act so that appropriately cleared counsel for the defendant may review the classified discovery material, if they wish to do so, and so that sensitive discovery materials may be disseminated to the defense.

    Respectfully Submitted,

    THOMAS L. KIRSCH II
    UNITED STATES ATTORNEY

By:  /s/ *Abizer Zanzi*
      Abizer Zanzi
      Jennifer Chang
      Assistant United States Attorneys
      United States Attorney's Office
      Northern District of Indiana
      5400 Federal Plaza, Suite 1500
      Hammond, IN 46320
      Telephone: (219) 937-5500
      Facsimile: (219) 852-2770

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which notified counsel of record.

/s/ *Abizer Zanzi*

OFFICE OF:

United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel: (219) 937-5500
Fax: (219) 852-2770