UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:18-cr-33 PPS/JEM |
| v. ) | |
| ) | |
| SAMANTHA ELHASSANI ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DEPOSE WITNESSES IN IRAQ PURSUANT TO RULE 15 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The United States of America, by its undersigned attorneys, submits this response to Defendant Samantha Elhassani's Motion to Depose Witnesses in Iraq Pursuant to Rule 15 of the Federal Rules of Criminal Procedure [DE 79]. In her motion, Defendant requests leave to depose three individuals from the persecuted Yazidi religious community whom Defendant and her husband purchased and owned as slaves while living in ISIS-controlled Syria. The government does not believe that these witnesses have any personal knowledge or information that is relevant to any material issues of fact at trial. Nevertheless, the government not does object to the Court granting Defendant leave to take these depositions, if defense counsel is able to navigate the foreign legal processes for doing so, and if the Court finds that there is sufficient grounds under Rule 15.

Federal Rule of Criminal Procedure 15 grants the Court fairly broad discretion to allow a party in a criminal case to take a deposition in order to preserve testimony for trial "because of exceptional circumstances and in the interest of justice." Fed. R.

Crim. P. 15(a)[1]; *United States v. Ismaili*, 828 F.2d 153, 158 (3d Cir. 1987) (explaining how the standard for allowing Rule 15 depositions has relaxed from the previous version of the rule). "Considerations of materiality (of the testimony) and unavailability (of the witness) remain critical," but they are not "rigid and automatic grounds for the denial of a 15(a) motion." *Id.*

The government agrees with Defendant's assessment there is no established test for "exceptional circumstances" in the Seventh Circuit. Def. Mot. ¶ 5. The Seventh Circuit has indicated that district courts should consider more than just materiality and availability. Instead, the Court has suggested a balancing of several factors including "whether the deponent would be available at the proposed location of the deposition, whether the deponent would be willing to testify, [] the safety of United States officials in going to the foreign location[,] . . . the materiality of the proposed testimony, the availability of the witness, whether injustice will otherwise result without the material testimony that the deposition could provide, and whether countervailing factors would make the deposition unjust to the nonmoving party" and also noted that there is "typically some showing, beyond unsubstantiated speculation, that the evidence exculpates the defendant." *United States v. Knox*, 540 F.3d 708, 717

---

[1] The Defendant has a right under Rule 15(c)(3) to be present at the deposition under certain circumstances. As the Committee Notes to the 2012 amendment that codified Rule 15(c) make clear, it is her burden as the party requesting the deposition, to show every one of the conditions listed in that section by a preponderance of the evidence. Since Defendant does not reference section (c)(3) in her motion, use the phrase "substantial proof" from 15(c)(3)(A), or even touch upon how she could "meaningfully participate in the deposition through reasonable means," the government presumes she is waiving her presence under Fed. R. Crim. P. 15(c)(1). The government requests she formalize that waiver before the Court consider the motion.

(7th Cir. 2008) (referencing cases from the Ninth, Eleventh, D.C., Third, and Fifth Circuits); s*ee also United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991) (noting materiality and unavailability are "no longer dispositive" in certain circumstances).

Defendant's motion asks the Court to make relevancy determinations about the Yazidi's proposed testimony. The government believes the Court need not make a materiality or relevancy determination about the Yazidis' anticipated testimony to grant Defendant leave to pursue the depositions because the request is unopposed. If this were a contested motion, then the government agrees with Defendant that materiality would be a key factor for the moving party to establish.

In any event, Defendant's claim of relevance is based on isolated statements from online news articles, limited and vague information available in discovery and secondhand information received through "an intermediary." Def. Mot. ¶¶ 5-8. These sources only offer hints as to what these individuals might know and say, but they do not tell the full picture. As Defendant correctly notes, these witnesses have not been interviewed by either party.

The government disputes Defendant's characterization of her relationship with the Yazidis, and her role in purchasing at least one of the Yazidis, based on Defendant's own statements in media reports, FBI interviews and her own personal writings. But that is an issue for another day. Defendant insists these witnesses are important to her case. She represents that they are willing to testify. And they are exceptionally unavailable due to their age, victimization from sex trafficking, and,

3

according to Defendant, statelessness. Def. Mot. ¶ 8. If all this is true, then the government has no objection to the Court allowing Defendant to pursue these depositions based on a finding that several of the factors for "exceptional circumstances" exist. The only way these victims can have their day in court—and the government suspects their testimony might prove incriminating or relevant at sentencing—is to be deposed.

To the extent this Court believes it needs to make a "materiality" finding to grant the unopposed motion, the government requests further briefing on the matter, as the government contends that Defendant's proffered version of the witnesses' testimony is irrelevant and inadmissible.

    Respectfully submitted,

    THOMAS L. KIRSCH II
    UNITED STATES ATTORNEY

BY:   /s/ *Abizer Zanzi*
    Abizer Zanzi
    Jennifer Chang
    Assistant United States Attorneys
    United States Attorney's Office
    Northern District of Indiana
    5400 Federal Plaza, Suite 1500
    Hammond, IN 46320
    Telephone: (219) 937-5500
    Facsimile:  (219) 852-2770